DA 09-0681

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 122N

IN RE THE PARENTING OF
D.L.M., Minor Child.

_____

MICHELLE MARIE EDER-McLANE,

      Petitioner and Appellee,

   v.

ROGER EUGENE HUGHES,

      Respondent and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DR 09-0179
                     Honorable Susan P. Watters, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

           Roger Eugene Hughes, (self-represented litigant) Deer Lodge, Montana

      For Appellee:

           (No brief filed.)


                            Submitted on Briefs:  May 5, 2010

                                   Decided:  May 28, 2010


Filed:

              _____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Roger Eugene Hughes appeals the judgment of the Thirteenth Judicial District Court, Yellowstone County, that Michelle Marie Eder-McLane is the primary residential parent of their son, D.L.M.; that Hughes shall have no parenting time with D.L.M. and Eder-McLane is not required to take D.L.M. to prison for visits with Hughes; and that Hughes may communicate with D.L.M. only in writing, which writings Eder-McLane may screen. We affirm.

¶3    It is manifest on the face of Hughes' brief and the record that none of the issues Hughes has set forth on appeal has merit, because those issues are controlled by settled Montana law and/or the District Court clearly did not abuse its discretion.

¶4    Initially, we note that a parenting plan action is not a type of proceeding in which Hughes is entitled to the appointment of counsel at public expense. *See* § 47-1-104(4), MCA. Next, based on our review of the District Court file, we are unconvinced that the District Court abused its discretion in denying Hughes' request for appointment of a guardian ad litem for D.L.M. Third, while Hughes made various claims in his answer to

Eder-McLane's petition for a parenting plan, he did not raise any counterclaims cognizable in a parenting plan action and to which Eder-McLane was required to file a reply; therefore, the District Court did not err in denying Hughes' motion for default judgment under M. R. Civ. P. 55 as without merit.

¶5 Hughes has not provided a transcript of the District Court hearing -- the appellant's responsibility under M. R. App. P. 8(3). For that reason, we are unable to consider his claims that the District Court lacked impartiality or disregarded any rules of civil procedure or M. R. Evid. 609 regarding the admission of evidence at the hearing.

¶6 Finally, Hughes' claims that opposing counsel breached a covenant of good faith and fair dealing during the course of this action, or committed malpractice and breach of ethics, are not matters that can be addressed within the scope of an appeal from the order of the District Court providing for a parenting plan.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The opinion of the District Court is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE